JACKSON
v.
BODLE.

Judgment for the plaintiff.

JACKSON, ex dem. PINTARD, *against* BODLE.

It is essen-  EJECTMENT to recover lot No. 11, in the sixth divi-
tial to the va-
lidity of a  sion of the *Minisink* patent, tried at the *Orange* Circuit, in
deed, that the  *September*, 1820, before Mr. Justice *Woodworth.*
grantee is will-
ing to accept    The plaintiff produced evidence, by which he deduced a
it; and though
such accept-  title to *John Pintard,* one of the lessors. The defendant then
ance will be
presumed from  read in evidence an exemplification of the proceedings under
the beneficial  the late bankrupt law of the *United States,* against *John Pin-*
nature of the
transaction,  *tard,* (the lessor,) as a bankrupt; by which it appeared, that
when the grant
is not abso-  the commission was issued in *July,* 1800, and that the bank-
lute; yet this  rupt executed an assignment, pursuant to the statute, dated
presumption is
very  slight,  *May* 29, 1807, " of all the estate, right, title, interest, use,
where  the
grantee  de-  trust, property and possession, benefit and equity of redemp-
rives no bene-  tion, claim and demand whatsoever, which the said *J. P.*
fit under the
deed, but is  had, at the time of his becoming a bankrupt, in trust for all
subjected to a
duty, or the  his creditors." The defendant, also, gave in evidence a
performance of  release, dated *May* 30, 1807, from the assignees of *P.,* the
a trust.
Where *P.,*  bankrupt, to *James A. Stewart* and *John A. Wells,* of all
an  insolvent
debtor,  in  the lands of *P.,* the bankrupt, in the counties of *Ulster* and
*New-Jersey,*
in  1798, as-  *Orange,* in the state of *New-York,* for the consideration of
signed all his  750 dollars. The plaintiff's counsel objected to the evi-
property, un-
der the insol-  dence of this release, on account of the generality and
vent  act  of
that state, to  vagueness of the description of the lands released; but the
*C.* and *D.,* in  Judge reserved all questions of law. The defendant's
trust, for all
his  creditors,  counsel insisted, that he had shown a title out of the lessors
and there was
no evidence of  of the plaintiff. The counsel for the plaintiff then read in
the  trustees  evidence an exemplification of the examination of *Pintard,*
having taken
the oath re-
quired of them by the act, and the trustees had done no act whatever, in execution of the trust,
for above twenty years, and one of them had declared, in the presence of the other, who did
not dissent, that he never qualified, nor acted, and never intended to act as trustee : *Held,*
that this was sufficient evidence that they never had assented to become trustees, or accepted
the deed of assignment; and that, therefore, nothing passed by the deed from *P.* to *C.* and *D.*

before the commissioners of bankrupt, in *August*, 1800; in which he declared, among other things, that he had been discharged under the insolvent law of the state of *New-Jersey*, on the 22d of *May*, 1798, and had assigned and delivered up all his estate, real and personal, to *Elias Dayton*, *John N. Cummings*, and *Jesse Baldwin*, his assignees, and that, at the time of his examination, he had no estate or effects whatever; and that the schedules, attached to his examination, contained true accounts of all his debts and effects, as exhibited when he so obtained his discharge under the insolvent act of *New-Jersey*; by which schedules, it appeared, that *Pintard* claimed and assigned about four thousand acres of land in the patent of *Minisink*. The plaintiff's counsel then produced in evidence, an exemplification of the proceedings of the Court of Common Pleas of *Essex* county, in the state of *New-Jersey*, in the case of *John Pintard*, an insolvent debtor, and an assignment of all his estate, real and personal, by him, to the said *Dayton*, *Cummings* and *Baldwin*, made pursuant to the law of that state, dated *May* 22d, 1798, in *trust*, to and for the use and benefit of all the creditors of the said *Pintard*.

The defendant then gave in evidence an exemplification of certificate of the clerk of the county of *Essex*, in *New-Jersey*, authenticated in the manner required by the act of Congress, that he had searched, and found no oath or affidavit of the said *Dayton*, *Cummings* and *Baldwin*, the assignees of *Pintard*, on the files or records of the said Court. It was proved, that a short time before the trial of the cause, *Cummings*, one of the assignees of *P.* under the insolvent act of *New-Jersey*, declared, that the trustees had never qualified, and that he had nothing to do with the trust or property; that *Baldwin*, another of the assignees, was present at the time the declaration was made by *C.* and said nothing of the oath, but refused to execute any release to *J. A. Stewart*; and it appeared that *Dayton* was dead. It was also proved, that in *July*, 1816, *Cummings*, on being applied to for a release for some of the lots in the *Minisink* patent, said that he never had qualified as a trustee, and never intended to act under the assignment of *Pintard*.

A verdict was taken for the plaintiff, subject to the opi-
nion of the Court, on a case, containing the facts as above
stated; and all questions of law and evidence at the trial
were reserved.

*Betts,* for the plaintiff, contended, that the plaintiff had
proved a title under *Pintard,* and his assignees, under the
insolvent law of *New-Jersey.* The defendant had attempted
to show a title out of the lessors, in purchasers under a deed
from the assignees of *P.* as a bankrupt, in 1807, seven
years after the bankrupt obtained a certificate of discharge,
and which did not describe any property specifically. Such
a general assignment by the commissioners of a bankrupt
will not pass a particular estate in land. The property
must be particularly described. The 11th, 12th, and 17th
sections of the act show that the commissioners must *specify*
the real estate which they intend to convey or assign: so
that, even if the commissioners had power, in 1807, to make
a conveyance, he contended, that it has not been well exe-
cuted. But the bankrupt law of the *U. S.* was limited to
five years, and expired in 1805, and after that term these
commissioners had no power to convey.

Again; the commissioners of bankrupt were apprized of
the assignment by *Pintard,* the bankrupt, previously made
to the trustees, under the insolvent law of *New-Jersey.*
The law will presume a delivery of the deed to the trustees,
and an acceptance by them of the trust, until the contrary
appears. Those assignees are the real lessors in this suit.

*Billings* and *D. B. Ogden,* contra, insisted, that by the
bankrupt act of the *U. S.* all the property of the bankrupt
was vested in the commissioners. In cases of bankruptcy
or insolvency, the assignments are always general; and
such a general description of land in a deed is sufficient.
(*Jackson,* ex dem. *Livingston,* v. *De Lancey,* 11 *Johns.
Rep.* 365.) The bankrupt law contained a saving of all
proceedings under commissions actually issued at the time
the act expired; and the commission in the case of *Pintard*
had issued before that time.

Again; the assignees of *P.* under the insolvent law of

New-Jersey, never took the oaths required of them by that law; and until they had qualified, they could not act as trustees; and it is proved that though above twenty years have elapsed, nothing has, in fact, been done by those trustees. Besides, the trustees, by virtue of the insolvent law of New-Jersey, can claim nothing in this state, under the assignment to them, for the benefit of the insolvent's creditors there. A record of proceedings under an act of the legislature of New-Jersey, cannot pass land in this state. But admitting that the assignment was regular and duly executed, there is no evidence of its delivery or of its acceptance by the grantees. A deed, in order to pass land, must be executed and delivered according to the forms required by the laws of the state in which the land is situated.

ALBANY,
August, 1822.

JACKSON
v.
BODLE.

SPENCER, Ch. J. delivered the opinion of the Court.

The plaintiff's right to recover depends entirely on the effect of the discharge to *John Pintard*, and the assignment made to *Cummings* and *Baldwin*, under the insolvent proceedings in *New-Jersey*; for it does not admit of a doubt, that the assignment, under the bankrupt act, by the commissioners of bankruptcy, to *Moore* and *Farquhar*, the assignees of *Pintard*, passed all the estate and interest of *Pintard* in the premises. The act repealing the bankrupt act, contained savings and provisos in favour of such cases as were then pending; and this case was then pending.

The question is, whether, under the facts proved in this case, the *New-Jersey* assignees can, now, for the first time, after the lapse of more than twenty years, assent to the trust, and take under a deed, when, during all that period, they have never acted, nor accepted the trust conferred on them by the assignment of the 22d of *May*, 1798 ? I am of opinion that they cannot. It is necessary to the validity of a deed, that there be a grantee willing to accept it. It is a contract, a parting with property by the grantor, and an acceptance thereof by the grantee. An acceptance will be presumed, from the beneficial nature of the transaction, where the grant is not absolute. The presumption is not so strong, that the grantee accepts the deed, where he derives no benefit under it, but is subjected to a duty, or the per-

ALBANY,
August, 1822.

JACKSON
v.
GOODELL.

formance of a mere trust. The non-existence of any oath, on the part of the assignees, to execute the trust, and the lapse of so many years, without having executed it, coupled with the declarations of one of the two surviving trustees, in the presence of the other, without any dissent on his part, that they had nothing to do with the trust, that they had never qualified, had no concern with the property, and never intended to act, make out the fact, that they never agreed to accept the trust, and, consequently, never assented to the deed. In *Jackson*, ex dem. *M'Crea*, v. *Dunlap*, (1 *Johns. Cas.* 114.) and in *Jackson* v. *Phipps*, (12 *Johns. Rep.* 422.) the principle is distinctly advanced, that it is essential to the legal operation of a deed, that the grantee assent to receive it, and that there could be no delivery without an acceptance.

Without examining the other points in the case, this is decisive against the plaintiff's right of recovery.

Judgment for the defendant.