Shaw, C. J.
The plaintiff, in the present case, contends that the deed in question could not operate as a deed to the defendant, on the ground, that it has never been delivered, so as to enure by way of deed to him. If the deed was a valid mortgage from the plaintiff to the defendant, it affords a complete justification to him for taking possession of the goods, there being no intimation that they have been redeemed.
The evidence not being stated, it is a little difficult to understand precisely what the case was, upon which the court instructed the jury. As we understand the report it was thus: To avoid the effect of his mortgage deed, the plaintiff insisted that the same, though formally executed by him, was never delivered to Hiram Hubby, or to any one else, for his benefit, and offered evidence tending to show that it was delivered to Hannah Hubby by the plaintiff, the mortgagor, after it was recorded, for her benefit only. To this the defendant objected, on the ground that if it was delivered to any one of the mortgagees, such would be in law a sufficient delivery to all the mortgagees.
The evidence was admitted; but not being stated, we are to assume, that it conformed to the offer, and that the plaintiff *518 proved by a witness, that at the time of the delivery of the deed to Hannah, the grantor used words to the effec t that he delivered it to her for her use, or for her use only. This is confirmed by the ruling of the judge, that as this deed, though made to three mortgagees, was made to secure a several debt due to each of them, it was competent for the plaintiff to show, tn at it was never delivered to Hiram Hubby or to any one for his benefit.
As we understand the instruction, this court cannot concur in the opinion. The instrument purports to be a conveyance of the whole property described to the three grantees and their assigns, on one consideration, moving from them all, but paid in different proportions; a conditional transfer defeasible upon the payment of several sums to each of them. Such a conveyance vested in them an interest in the goods, and whether this interest is technically a joint interest or an interest in common is wholly immaterial. It enures to their common benefit; and should the mortgage never be redeemed by the payment of the debts, but be foreclosed, the mortgagees would hold the absolute property in the goods, in the proportion of their respective debts. Donnels v. Edwards, 2 Pick. 617. Several interests may be created by a mortgage to secure several debts, but the instrument to two or more is a joint instrument. Burnett v. Pratt, 22 Pick. 556.
This being the character of the instrument, signed and sealed by the plaintiff, the court are of opinion, that by the delivery of it to one of the grantees, to enure as his deed to such grantee, it thereby became the deed of the grantor for all the purposes expressed in it; and that it was • not competent for the grantor to restrain the operation of it, as his deed, by the use of words, so as to give it effect as his deed to one of the grantees, and prevent it from having that effect as to the others. Any other construction would seem to be opposed to the settled rules of law; one of which is, that the effect and operation of a deed must be ascertained from its terms, and cannot be varied by paroi evidence. No doubt evidence aliunde, paroi evidence as well as written, may be given to prove that the deed wa= not delivered; that it got *519 into the hands of a grantee by fraud or by accident; which, if satisfactory, will prove that it was not the party’s deed.
The deed could not be delivered as an escrow, because an escrow must be delivered to a stranger, and not to the grantee; and if delivered to a grantee, it is absolute, whatever intent may be shown in words to make it an escrow. It could not be delivered to the grantee conditionally, to take effect upon the happening of a contingency; for that would be contrary to the provisions of the instrument itself. Ward v. Lewis, 4 Pick. 518. We think it is a general rule, that a delivery of a valid instrument to one of several grantees named in it makes it the grantees’ deed, and is in law a delivery to the use of all, according to its terms.
It makes no difference, in our opinion, that the grant was defeasible upon the payment of several sums to the several mortgagees. That might affect the right of redemption, and the mode of obtaining a discharge of the mortgage. But the question here is as to the effect of the deed, before redemption, upon the right of property; and we have no doubt, that it vested a right of property in all the mortgagees, either as joint tenants or tenants in common, and for the purpose of this defence, it is immaterial which.
None of the cases cited for the plaintiff establish the position assumed. In the case of Roberts v. Jackson, 1 Wend. 478, evidence aliunde was admitted to show that the deed or rather the instrument, prepared, signed, and sealed, in pursuance of a negotiation not carried into effect, was never delivered to anybody, and of course never became a deed.

Exceptions sustained.