Stephens v. Buffalo and New York City Rail Road Co.

---

# STEPHENS *vs.* THE BUFFALO AND NEW YORK CITY RAIL ROAD COMPANY.

Delivery is essential to the validity of a deed or contract; and it is always competent to show, by parol, that there has not been a delivery.

There can be no delivery without an acceptance by the party who is to receive the deed.

Where, in an action of ejectment, the defendants claim the right to the possession, under a written contract for the sale and conveyance of the premises to them by the plaintiff, evidence is admissible in behalf of the plaintiff, to show that the alleged contract was never delivered, but was placed in the hands of the defendants' agent, not as such agent, and not as a contract, but to be presented by him, in behalf of the plaintiff, to the defendants, as a proposition for their acceptance or refusal, and to be void as a proposition, unless the defendants should give notice to the plaintiff, of its acceptance, within a specified time; that such notice was not given; and that afterwards, and before any notice of acceptance, by the defendants, the plaintiff gave notice to the agent of the defendants, as such agent, that he withdrew the offer.

Stephens *v.* Buffalo and New York City Rail Road Co.

Under such circumstances, the paper will not bind the plaintiff, as a contract, until the defendants have accepted it; and until acceptance, the plaintiff may withdraw or rescind it.

And a declaration by the plaintiff, to the defendants, that he will not be bound by the proposition, made at any time before acceptance, will terminate it.

Where the execution of a paper by one party is completed by a delivery thereof to the agent of the other party, as a contract, parol evidence of conditions qualifying the delivery is not admissible; and the party signing the paper will be bound, although it is not signed by the other party.

THIS was an action of ejectment, brought to recover the possession of a strip of land, sixty-six feet wide, occupied by the defendants' rail road. The cause was tried before Justice Johnson, and a jury, at the Steuben circuit, in November, 1853, and a verdict was rendered in favor of the plaintiff. The defendants took exceptions to the rulings on the trial, and they, under an order of the court, were directed to be heard, in the first instance, at the general term. The plaintiff proved that the defendants were in possession of the premises in question. The defendants claimed the right to such possession under and by virtue of a written contract between the parties. This contract provided, first, for the conveyance of the premises in question to the defendants; and second, contained a "grant to the defendants, their successors and assigns, of permission to enter with their surveyors, agents, workmen and teams upon the premises for the purpose of surveying the route of the road and of building the same." This contract was signed, under seal, by the plaintiff and others, but did not appear to have been signed by the defendants. The contract provided for the conveyance of the premises in question, upon the payment of $600; such conveyance was to be made within a reasonable time after the location of the route of the road, and within sixty days from the commencement of the grading of the same, on the premises. The $600 were tendered within sixty days after the defendants began to work upon the premises, in constructing their road. The plaintiff was permitted, on the trial, to show that the contract was delivered subject to certain parol conditions, and that before such conditions were complied with, the plaintiff notified the defendants that he would not be further bound by the in-

strument unless he was compelled by law to stand to it. The defendants objected to the introduction of all evidence tending to show that parol conditions accompanied the delivery of the contract. Such objections were overruled, and the defendants excepted.

*William Howell,* for the plaintiff. I. The title of the plaintiff is admitted by the pleadings, and the defendants admitted upon the trial that they were in possession of the premises in question. The plaintiff is therefore entitled to judgment, unless he has conveyed the property to the defendants or so far divested himself of his estate as to give to the defendants a right to the possession.

II. The instrument in writing, of the date of the 20th day of July, 1848, set out in the bill of exceptions, is but an agreement or contract to convey upon the terms specified therein, and not a deed or grant of the land. It provides for the future execution of a deed upon the performance of the conditions by the defendants. (*Ives* v. *Ives,* 13 *John.* 235. *Jackson* v. *Myers,* 3 *id.* 388. *Jackson* v. *Clark, Id.* 424.)

III. That agreement or contract was but a proposition or offer of terms of sale made by the plaintiff and the other parties to it, to the defendants for their acceptance, and the plaintiff had a right to retract or withdraw the offer at any time before it was accepted by the defendants, for until then no agreement existed between them. (*Chit. on Cont. 5th Amer. from 3d Lond. ed. p.* 13, *and cases there cited. Also p.* 9, *notes* 1, 2. *Reynolds* v. *Dunkirk and State Line Rail Road Co.,* 17 *Barb.* 613.)

IV. Parol evidence of the facts, circumstances and declarations of the parties, showing the terms and conditions upon which the agreement in question was placed in the hands of the agent of the defendants and the purposes for which it was done, the extent of his authority in respect of it, and the character of the possession of it by the defendants, was properly admitted by the judge as bearing upon the question of the delivery of the agreement to the defendants, and their acceptance of it. (10

*Wend.* 310.  23 *id.* 43.  1 *id.* 478.)  Nor can authority to the contrary be found in the books.

V. There was no valid delivery of the agreement to Swain as a stranger, for the use or benefit of the defendants, for it was not so delivered by the makers, at the time, nor was it unconditional and absolute in terms, evincing an intention on their part to put it absolutely out of their own possession, power and control. (4 *Cruise's Dig.* 34, § 85.  *Shep. Touch.* 57, 58.  *Jackson* v. *Phipps*, 12 *John.* 418.)

VI. There was no valid delivery of the agreement to the defendants themselves, or to Swain as their agent, or acceptance by either.  Swain refused to receive it when offered to him, and stated that he was not authorized to accept it.  It was then placed in his hands, not as the agent of the defendants, but as the agent of the makers.  Not by a formal delivery for the benefit or use of the defendants, as the act or deed of the makers, but for the only and especial purpose of submitting it to the defendants for their acceptance or refusal.  The defendants did not accept it, but on the contrary gave notice to the plaintiff, in the month of March or April, 1851, (almost three years after it was sent to them) that they had not accepted it.  Upon the receipt of that notice the plaintiff retracted and withdrew the proposition or agreement, and gave notice to the defendants to that effect.  There can be no valid delivery of a deed unless it is the intention of the grantor to deliver it as his deed for the purpose of giving it effect as such, nor unless it is accepted as such. This agreement never had any legal operation or effect more than it would have had if it had always remained in the hands of the parties who executed it.  (*Jackson* v. *Dunlap*, 1 *John. Cas.* 114.  *Jackson* v. *Phipps*, 12 *John.* 418.  *Jackson* v. *Bodle*, 20 *id.* 184.  *Jackson* v. *Richards*, 6 *Cowen*, 617.  *Jackson* v. *Perkins*, 2 *Wend.* 308.  *Clark* v. *Gifford*, 10 *id.* 310.  *Gilbert* v. *The North American Fire Insurance Co.*, 23 *id.* 43. *Reynolds* v. *The Dunkirk and State Line Rail Road Co.*, 17 *Barb.* 613.  *Vassar* v. *Camp*, 1 *Kernan*, 441.)

VII. There was no error in the refusal of the judge to charge the jury as requested by the counsel for the defendants in his

second exception, or in the charge of the judge on that point, that the jury had a right to take into consideration whether there were parol conditions made at the time of the delivery, and if they found there were, then that such conditions were obligatory. (*Clark* v. *Gifford,* 10 *Wend.* 310, *and the other authorities cited to the* 6*th point.*)

VIII. There was no error in the refusal of the judge to charge the jury as requested by the counsel for the defendants in their third and fourth exceptions, or in that part of his charge in which he stated, " that the delivery of the contract to the agent was not conclusive as to that point, [i. e. the point in question;] that it was competent to show by parol evidence a conditional delivery, and for the jury to find from such evidence that the delivery was conditional. (10 *Wend.* 310, *above cited to last point, and the authorities above cited to the plaintiff's sixth point.*)

IX. There was no error in the refusal of the judge to charge the jury as stated in the 5th and 6th exceptions of the counsel for the defendants ; there not having been any delivery of the agreement to either Swain as their agent, for he refused to accept it because he was not authorized to do so, or to the defendants for he was not authorized to deliver it to them, but only to submit it to them to accept or refuse it as a proposition, or if he was authorized to deliver it to the defendants, then because they refused to accept it ; and parol evidence was competent to prove those facts, although the instrument was executed under seal, and a parol revocation of the proposition was effectual, (*See authorities cited to plaintiff's* 6*th point, and to his* 2*d point.*)

X. There is no error in the refusal of the judge to charge the jury as requested in the 7th and 8th exceptions, for the reasons mentioned in the last point and under the authorities there cited, nor in his refusal to charge as requested, as stated in the 9th and 10th exceptions, for the same reasons, and for the further reason that it did not appear that the defendants had located their road before the plaintiff retracted or withdrew his proposition.

XI. There was no error in the refusal of the judge to charge the jury as requested in the 11th exception ; for the facts were

properly within the province of the jury, and of right submitted to them. (*Clark* v. *Gifford, supra.*)

XII. There is no error in the charge of the judge, as stated in the 12th and 13th exceptions, but it is fully sustained by the authorities cited to the foregoing points.

*John Ganson,* for the defendant.   I. The contract having been executed by the plaintiff and his associates, under seal, and delivered to the defendants' agent, as such agent, parol evidence was inadmissible to qualify such delivery.   (*Ward* v. *Lewis,* 4 *Pick.* 519.   *Worrall* v. *Munn,* 1 *Seld.* 229, 238.   4 *Kent's Com.* 501, 7*th ed.*   3 *Barb. Ch. R.* 375.   6 *Paige,* 310.   *Shepherd's Touch.* 59.)

II. The contract was binding, although it was not signed by the defendant.  The contract had been acted upon by the defendant.   It entered into possession of the premises under it, and located and constructed its road thereon.

III. The contract not only provided for a conveyance of the land, but granted the right to enter upon and *acquire an interest therein,* by the construction of the road.   Such entry had been made and construction commenced, before the plaintiff intimated that he did not intend to perform the agreement.

IV. The contract secured to the defendant something more than a *license ;* it granted a privilege to the "defendant, *its successors and assigns,*" to build a road on the plaintiff's land for a *permanent* purpose.   The defendant had expended money upon the faith of such grant, and the plaintiff could not, therefore, rescind it.   (*Renick* v. *Kern,* 14 *Serg. & Rawle,* 267. *Mumford* v. *Whitney,* 15 *Wend.* 380.   *Winter* v. *Brockwell,* 8 *East,* 308.   3 *Kent's Com.* 559.   11 *N. H. Rep.* 102.)

V. The charge at fol. 74 is wrong.   The saying of the plaintiff, therein referred to, did not amount to a withdrawal of the proposition, if the instrument in question is to be treated simply as a proposition.   (1 *Hill,* 572.   1 *Taunt.* 256.)

*By the Court,* T. R. STRONG, J.   Delivery is essential to the validity of a deed or contract ; and it is always competent

VOL. XX.                    43

to show by parol that there has not been a delivery. (*Roberts* v. *Jackson*, 1 *Wend.* 478. *Clark* v. *Gifford*, 10 *id.* 310. *Gilbert* v. *N. Amer. Fire Ins. Co.*, 23 *id.* 43. *The Lady Superior* v. *McNamara*, 3 *Barb. Ch. Rep.* 375.) There can be no delivery without an acceptance by the party who is to receive it. (*Jackson* v. *Phipps*, 12 *John.* 418. *Church* v. *Gilman*, 15 *Wend.* 656. *Crosby* v. *Hilyer*, 24 *Wend.* 280. *Jackson* v. *Bodle*, 20 *John.* 184. *Jackson* v. *Richards*, 6 *Cowen*, 617.) The proof on the part of the plaintiff, in avoidance of the defense set up, was therefore admissible. It goes to the point, that the paper purporting to be a contract for the sale of the premises in question to the defendants, was not delivered; that it was merely offered to the defendants, but the defendants did not accept it, and the offer was retracted. The proof is, in substance, that the paper was placed in the hands of the agent of the defendants, not as such agent, and not as a contract, but to be presented by him, in behalf of the plaintiff and his associates in the paper, to the defendants, as a proposition for their acceptance or refusal, and to be void as a proposition, unless the defendant should give notice to the plaintiff, of its acceptance, within a time specified; that such notice was not given within the time; and that afterwards and before any notice of acceptance by the defendants, the plaintiff gave notice to the agent of the defendants, as such agent, that he withdrew the offer.

There was no error in the instruction to the jury, that one question was whether the delivery of the paper was absolute, or as a proposition to be submitted to the directors of the defendants. The delivery referred to must be understood to be, having reference to the proof, the putting the paper in the hands of the person who received it, to submit for the plaintiff and the other persons whose names are subscribed to the paper, as a proposition to the directors. If the paper was handed to that person for the purpose mentioned, it would not, as the learned justice advised the jury in substance, bind the plaintiffs, as a contract, until the defendants accepted it; and until acceptance the plaintiffs might withdraw or rescind it. (*Vassar* v. *Camp*, 1 *Kernan*, 441.) And a declaration by the plaintiff to the de-

fendants, that he would not be bound by the proposition, made at any time before acceptance, would, as it was properly held, terminate it. (*Roberts* v. *Jackson*, 1 *Wend.* 478.)

So far as the learned justice refused to charge as requested, the points embraced in the requests, viewed in connection with the proof made, appear to be mostly, in substance, the negative of the instructions actually given, and I do not perceive that the refusal involves any error. In regard to the points not met by the charge, I think the requests were properly declined.

It is undoubtedly true that if the execution of the paper had been completed by a delivery to the agent of the defendants, as a contract, parol evidence of conditions qualifying the delivery would not have been admissible, and the plaintiff would have been bound, although the paper was not signed by the defendants. (*Worrall* v. *Munn*, 1 *Selden*, 229.) And the defendants having by a tender entitled themselves to a deed, might avail themselves of their equitable title as a defense to the action; (*Code*, §§ 150, 274;) and the contract could not be revoked. But these positions of the defendants are all dependent upon the delivery and complete execution of the paper as a contract.

In my opinion a new trial should be denied.

[MONROE GENERAL TERM, Sept. 3, 1855. *Selden, Johnson* and *T. R. Strong*, Justices.]