## Jackson, ex dem. Dale and Livingston, vs. Denison.

A plaintiff in ejectment is entitled to recover upon the parol acknowledgment of the tenant, having no title himself, that the plaintiff is the owner of the premises.

Counsel entrusted by his client with papers relating to the action depending in court is not obliged to produce them, nor can he be compelled as a a witness to state their contents.

THIS was an action of ejectment, tried at the Madison circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff produced in evidence a deed of the premises in question from William Cutting and Gertrude his wife, to Robert L. Livingston, one of the lessors of the plaintiff, bearing date 1st May, 1817, and also a deed from Livingston to Dale, the other lessor, (the date of which is not mentioned in the case,) and proved the declarations of the defendant made six or seven years before the trial, that he had been to see about the land of which he was in possession, and that he had ascertained that Dale was the owner. It was further proved, that the defendant had been 20 or 21 years in possession of the premises in question ; that when he went on the land, he purchased the right and interest of a person who had been in possession before him ; and that he had been authorised by one Bostwick to continue in possession. The admissions of the defendant also were proved, that Bostwick, as the agent of Robert L. Livingston and Schuy-

NEW-YORK,
May. 1830

Jackson
v.
Denison.

ler Livingston, executors of Walter Livingston, deceased, had given him a writing, under which he had taken possession of part of the premises. The counsel for the defendant objected to this latter evidence as inadmissible, unless the writing in question was produced, and the judge sustained the objection. Whereupon notice was given to the defendant's counsel, P. Gridley, to produce the writing, and Mr. Gridley was sworn to prove it in his possession. He testified that the writing referred to was in his possession ; that it had been entrusted to him as counsel; that Bostwick was a subscribing witness to it ; and that he believed that the counsel for the plaintiff had then in his possession an exact counterpart of the writing, and insisted as counsel for the defendant, 1. That the plaintiff was bound to produce the writing in his possession, and to prove it by the subscribing witness ; and 2. That the paper in his own possession having been entrusted to him confidentially, he was not bound to produce it. Both which points were decided against him, and he then stated the contents of the writing, which purported to be an agreement bearing date in February, 1809, entered into by and between Schuyler Livingston and Robert L. Livingston, acting executors of Walter Livingston, deceased, of the first part, and the defendant of the second part, whereby it was stipulated that the defendant was put into possession of the premises as tenant at will by the parties of the first part, and was to have the first offer or preference of purchashing at a reasonable price whenever they should offer the same for sale ; and on the other part, the defendant agreed to conduct himself as a peaceable and good tenant, not to commit or suffer to be committed waste; not to clear· more than half of the premises, and to fence in rails such parts as should be cleared, and to keep the same in tenantable repair. The plaintiff proved that Schuyler Livingston, Robert L. Livingston, Mrs. Cutting and Mrs. Dale, (the wife of the lessors, were children of Walter Livingston, deceased: that Walter Livingston had a son named John who died without issue, and that Schuyler Livingston also was dead. He further proved that the premises were badly fenced and greatly out of repair; and that the defendant had repeatedly disclaimed

NEW-YORK,
May, 1830.

Jackson
v.
Denison.

the title of the heirs of Walter Livingston, deceased. On this evidence a verdict was taken for the plaintiff, subject to the opinion of this court.

*W. Crafts*, for plaintiff.

*C. P. Kirkland*, for defendant.

*By the Court*, SAVAGE, Ch. J. Had it appeared positively that the plaintiff's counsel had a counterpart to the agreement, there could have been no reason for calling on the defendant for the paper in his possession; the fact, however, was not proved. The only question therefore is whether the contents could be proved by the defendant's counsel. The contents of such a paper seem to be considered a confidential communication between the client and counsel. (5 Stark. Ev. 396, n. b. 5 Esp. R. 120. 14 Johns. R. 399.) On this point therefore the judge erred.

Excluding the testimony of Mr. Gridley from the case, the written agreement is excluded; and the question arises, whether without it the plaintiff shewed title to enable him to recover? It appeared that Schuyler Livingston, Robert L. and John L. were sons, and that Mrs. Cutting and Mrs. Dale were daughters of Walter Livingston, deceased; of these Schuyler and John were dead, and John without children. No title was shewn in Walter Livingston, nor in Cutting and wife: and if there is any proof of title, it is the admission of the defendant that Dale was the owner. There is no evidence that Dale or any of the Livingstons had ever been in possession.

How far and in what cases admissions of title are to be received, are questions often arising. The cases have been fully reviewed by Sutherland, justice, in *Jackson* v. *Cole*, (4 Cowen, 593.) There the defendant had taken a deed from W. Cooper, whose wife, as defendant admitted, owned the land; and on this testimony it was held the lessors who were the heirs of Mrs. Cooper were entitled to recover. The rule that admissions by parol are not evidence of title, is shewn to be applicable to cases where title has been proved, and parol evidence in such cases is incompetent to divest

that title; or where it appears that there are written conveyances, which being higher evidence existing in the case, must be produced.

In this case it is evident that the defendant has no title, and the lessor Dale shews a paper title of only ten years standing, and no title in his grantor. It presents therefore the question whether the plaintiff can recover upon the admission of the defendant alone? I think he may. The admission is not to operate to divest a title previously shewn in the party making the admission; it is not to transfer title. Had it been in writing, or by accepting a written instrument in which the lessor asserted title, it would be sufficient. The only reason why a written acknowledgment is better than a parol one as to its legal efficacy, is, that in certain cases a writing is required by the statute of frauds. This is not a case affected by that statute; and I am therefore of opinion that the parol acknowledgment is valid and effectual.

Judgment for plaintiff.