### JANE S. KEATOR *vs.* WARREN DIMMICK.

In an action of ejectment for dower, it is competent for the plaintiff to show at what time a deed from her husband, under which the defendant claims title, was delivered.

The admissions or declarations of parties are competent evidence against them when parol evidence of the fact sought to be shown by such admissions or declarations would be competent.

The declarations of a person in the possession of lands, as to his title, are admissible evidence against persons claiming under him, who subsequently came into possession of the land.

The rule that parol declarations of a person having title to land are inadmissible as evidence to defeat that title, only excludes declarations when the fact sought to be established by them can not be proved by parol evidence.

The declarations of the grantee in a deed, in respect to the time when the deed was delivered to him, made while he was in possession of the farm conveyed, are competent evidence, in an action of ejectment for dower, against a person claiming title to the land under such grantee.

The Code of Procedure has not changed the common law rule that prohibits a wife from testifying, after the decease of her husband, to declarations made by him to her when no other person was present.

Hence a wife suing for dower in the land of her deceased husband, can not be allowed to testify to what her husband said to her, in his life time, while they were alone, tending to show that a deed executed by him, under which the defendant claimed, was not delivered to the grantee until after he, the grantor, was married to the plaintiff.

In such an action it is competent for the defendant to prove the declarations of the grantor, made after his marriage to the plaintiff, to the effect that such deed was delivered before he married the plaintiff.

ACTION of ejectment, to recover dower in a farm contain- ing about two hundred acres of land, situated in the county of Delaware. The action was tried at the Delaware circuit, in September, 1863. The plaintiff claimed to recover the dower as widow of George H. Sands, deceased, to whom she was married on the 24th day of November, 1848, and who died on the 24th day of February, 1849. The farm was conveyed to George H. Sands on the 12th day of June, 1848.

The defendant introduced a warranty deed of the farm from George H. Sands to his son Richard B. Sands, dated the 3d day of October, 1848, which was acknowledged on the 6th day of November, 1848, but it was not recorded until the

22d day of February, 1849. The defendant introduced another deed of the farm from Richard B. Sands to himself, dated the 16th day of February, 1852, which was recorded the 30th day of March in that year.

The question litigated on the trial was whether the deed from George H. Sands to his son Richard B. Sands was *delivered* before or after the marriage of the former to the plaintiff. Richard B. Sands died previous to the trial, and the plaintiff was married again, prior to the commencement of the action, to Chauncey Keator.

The jury rendered a verdict in favor of the plaintiff. Judgment was suspended, and the defendant moved for a new trial, on exceptions, which were directed to be heard in the first instance at the general term.

*John Grant,* for the plaintiff.

*Robert Parker* and *Wm. Murray, Jr.* for the defendant.

*By the Court,* BALCOM, J. The case shows that George H. Sands was in possession of the farm, in which the plaintiff has recovered dower, from the time he purchased it, on the 12th day of June, 1848, until he died, on the 24th day of February, 1849; and that his son, Richard B. Sands, shortly after the last mentioned date, took possession of the farm and kept possession of it until he conveyed it to the defendant on the 16th day of February, 1852. The plaintiff was married to George H. Sands, on the 24th day of November, 1848; and the latter conveyed the farm to Richard B. Sands by a deed that was dated the 3d day of October, in the same year, which was acknowledged on the 6th day of November, in that year.

As the date and acknowledgment of the deed from George H. Sands to Richard B. Sands were previous to the time when the plaintiff was married to George H. Sands, the plaintiff had no right of dower in the farm if such deed was

delivered prior to such marriage. The justice of the peace, who took the acknowledgment of the deed to Richard B. Sands, testified that it was not delivered at that time, and that Richard was not then present.

The judge, who presided on the trial, announced, at the commencement of the trial, that if the deed to Richard B. Sands was delivered before the marriage of the plaintiff to George H. Sands, the action must fail; if after such marriage, that the plaintiff would be entitled to recover; which was assented to by the counsel for the respective parties. No fact was established to estop the plaintiff from proving when the deed to Richard B. Sands was delivered, and it was clearly competent to show when that deed was delivered. (*Van Valen* v. *Schemerhorn,* 22 *How. Pr. Rep.* 416, *and cases there cited.*)

The plaintiff was permitted to prove the declarations of Richard B. Sands, made while he was in possession of the farm, to the effect that the deed to him from George H. Sands was not delivered until after the plaintiff was married to George H. Sands. This evidence was objected to by the defendant, on the grounds, 1st. That it was the confession and sayings of a person not a party of the suit; 2d. That if claimed to be the confessions of the defendant's grantor, it was not a confession characterizing his possession of the land conveyed, and could not be received as such; 3d. That it was immaterial. The defendant excepted to the admission of the evidence.

The admissions or declarations of parties are competent evidence against them where parol evidence of the fact sought to be shown by such admissions or declarations would be competent. (*Welland Canal Co.* v. *Hathaway,* 8 *Wend.* 480. 7 *id.* 125, 139.) Another rule is that the declarations of a person in the possession of land, as to his title, are admissible evidence against persons claiming under him who subsequently come into possession of the land. (1 *Greenl. Ev.* § 189. *Jackson* v. *Bard,* 4 *John.* 230. *Jackson* v.

*Cole,* 4 *Cowen,* 587. *Jackson* v. *Denison,* 4 *Wend.* 558. *Rickert* v. *Snyder,* 9 *id.* 416.)

There are many cases which hold that the parol declarations of a person having title to land, are inadmissible as evidence to defeat that title. (*See Stuyvesant* v. *Tompkins,* 9 *John.* 61; *Jackson* v. *Shearman,* 6 *id.* 19; *Jackson* v. *McVey,* 15 *id.* 234; *Jackson* v. *Cary,* 16 *id.* 302; *Jackson* v. *Dunlap,* 1 *John. Cases,* 114; *Jackson* v. *Chapin,* 5 *Cowen,* 485.) This rule only excludes declarations when the fact sought to be established by them can not be proved by parol evidence. (*See Welland Canal Co.* v. *Hathaway, supra;* 7 *Wend.* 125; *Id.* 139.) To illustrate : when a party shows he has a legal title to land, it can not be taken from him by evidence that he has said he had no title to it; and this is all that *Jackson* v. *Chapin,* (*supra,*) holds. In that case the plaintiff claimed title under a deed to one Montgomery, which was acknowledged and recorded. The defendant proved that Montgomery said the deed had been offered to him, but he refused it, because the wife of the grantor was not a party; and the court said : "This being parol evidence, tending to destroy the operation of the conveyance, was inadmissible."

The distinction between *Jackson* v. *Chapin* and this case is this : In the former, the admission of the grantee in the deed was to the effect that the deed had never been delivered, but in this case the admissions of the grantee were only as to *the time* when the deed to him was delivered.

But if this distinction be insufficient to reconcile *Jackson* v. *Chapin* with the principle that any fact may be established by proof of admissions which it is competent to establish by parol evidence, then that case should be repudiated, or overruled as unsound.

I think the declarations of Richard B. Sands, in respect to the time when the deed was delivered to him, were competent evidence for the plaintiff, for the reason that they were made while he was in possession of the farm, and were

as to a fact it was competent to establish by parol evidence, and the defendant claimed title to the farm under him.

The plaintiff was a witness in her own behalf, and testified to seeing the deed to Richard B. Sands in the possession of her husband, George H. Sands, on three different occasions, the last of which was on the Wednesday next previous to his death. She also testified that she examined the deed, on the first occasion, at the request of her husband; that her husband then said he was going to give it to Richard, when she asked him if Richard ever had it, or knew he was going to give it to him; and that her husband answered that Richard knew nothing of it. She further testified that her husband carried a little trunk to Delhi, in which the deed was kept, and took it home again with him, where he afterwards took it out and said to her he did not intend, during his life, to give the deed to Richard. She testified that the last time she saw the deed, was the last Wednesday next preceding the death of her husband, when he sent it enclosed with another deed, by John Allen, to Richard, at Delhi.

What was said to the plaintiff respecting the delivery of the deed, by her husband, was objected to by the defendant upon the ground that the confessions of her husband were incompetent evidence, he not being a party to the suit; 2d. That whether the deed had or had not been delivered, must be determined by evidence, other than his confessions, after marriage, because if the deed was, in fact, delivered before the marriage, he could not be allowed to impair or incumber the grant by any confession made after the actual delivery; 3d. That whatever passed between herself and her husband was confidential, and growing out of their married relation, and she was not at liberty to give it in evidence; 4th. That his confessions were incompetent generally, and immaterial. The objection was overruled, and the defendant excepted.

In *Osterhout* v. *Shoemaker*, (3 *Hill*, 513,) Bronson, J. said: "I observe that the widow of Frederick Osterhout was

called as a witness against the grantee of her former husband, to prove that he had committed a fraud upon the plaintiff; and she spoke of the declarations as well as the acts of her husband. She was not a competent witness for that purpose." He cited *Babcock* v. *Booth,* (2 *Hill,* 181,) in which he had said Mrs. Barnes "was a competent witness to prove any fact which she did not learn from her former husband." (*See Ratcliff* v. *Wales,* 1 *Hill,* 63; *Barnes* v. *Camack,* 1 *Barb.* 392; *Chamberlain* v. *The People,* 23 *N. Y. Rep.* 89; 1 *Greenl. Ev. 2d ed.* §§ 337–339.)

The Code has not changed the common law rule that prohibits the wife from testifying, after the decease of her husband, to declarations made by him to her when no other person was present; and the reasons for refusing to allow her to testify to what her deceased husband said to her when they were alone, still exist.

I am, therefore, of the opinion the judge erred in permitting the plaintiff to testify to what her deceased husband said to her when they were alone, which tended to show that he did not deliver the deed to his son Richard, before he was married to the plaintiff.

The defendant offered to prove the declarations of George H. Sands, made after his marriage to the plaintiff, to the effect that the deed from him to Richard B. Sands was delivered before he married the plaintiff. This was objected to by the plaintiff, on the ground that they were the confessions of a person not a party to the suit, and that if the deed was not delivered, in fact, until after the marriage, George H. Sands could not divest the plaintiff of her inchoate right of dower by any thing he might say. The objection was sustained and the defendant excepted.

This offer was improperly rejected, according to the decision in *Van Duyne* v. *Thayre,* (14 *Wend.* 233.) The head note to that case is, that "in an action of ejectment for dower, the admissions of the husband, whilst living, are as competent evidence in bar of the title of his widow, as they

would be in bar of the title of his heir or grantee;" and it is authorized by the opinion of the court, which was delivered by Justice Nelson.

My conclusion is, that there must be a new trial, for the two erroneous rulings of the judge I have mentioned.

MASON, J. expressed no opinion on the question last discussed by Justice Balcom.

New trial granted, costs to abide the event.

[BROOME GENERAL TERM, November 15, 1865.  *Parker, Mason* and *Balcom,* Justices.]