Rivenburgh v. Rivenburgh.

So decided.

[BROOME GENERAL TERM, January 28, 1867. *Mason, Balcom* and *Boardman*, Justices.]

———•○•———

SIDNEY RIVENBURGH *vs.* MARY RIVENBURGH.

The term "any other witnesses," in the section of the Code which provides that a party may be examined as a witness on his own behalf, or in behalf of any party, in the same manner, &c. as any other witnesses, must be understood to mean, any other witness subject to the same disabilities, or standing in the same relations to the parties or the subject matter.

It was not intended to remove existing disqualifications, or to make a person a witness *because* he is a party, who would otherwise be incompetent.

In an action by a husband against his wife, for a divorce on the ground of adultery, the wife is not a competent witness in her own behalf. BALCOM, J, dissented.

THIS was an action for a divorce, on the ground of adultery. Feigned issues were awarded, and tried by a jury, who found that the defendant had been guilty of adultery, as charged in the complaint. The defendant was offered as a witness on her own behalf, and rejected. The defendant made a motion, on a case and exceptions, at the Madison special term, in June, 1866, for a new trial, which motion

Rivenburgh *v.* Rivenburgh.

was denied. The defendant appealed from the order denying the motion, on the ground of her rejection as a witness, and also on the ground that the evidence did not warrant the verdict.

*John Snow*, for the appellant.

*D. J. Mitchell*, for the respondent.

BOARDMAN, J. Was the defendant a competent witness in her own behalf?

Before the Code, neither husband nor wife were in general admissible as witnesses for or against each other. If either were a party the other could not be a witness. If both were parties, neither could be a witness. The reasons for this rule, founded on public policy, are well stated by Duer, J. in *Hasbrouck* v. *Vandervoort*, (4 *Sandf.* 596.)

Now, the Code provides, in substance, that a party may be examined in the same manner as any other witness. By the term "any other witness," must be understood, any other witness subject to the same disabilities, or standing in the same relations to the parties or the subject matter. It is not intended to remove existing disqualifications, or to make a person a witness *because* he is a party, who would otherwise be incompetent. The law says a felon shall not be a competent witness. If he becomes a party to an action does he become qualified by virtue of the Code? Is the prior law repealed or annulled by the Code? Or does the Code intend simply to say, "Whatever you might have testified to as a witness, not being a party, you may still testify to, though made a party to the action, but your right to testify shall not be increased, extended or magnified by being a party, beyond what it was before you became a party."

This seems to me fair and just. The legislature must have so intended. For since 1849, decisions have been made recognizing the above distinction, and the legislature has uni-

Rivenburgh *v.* Rivenburgh.

formly refused to make husbands and wives witnesses, though the question has been repeatedly before them.

I may add that I think it better that some wrongs should be endured unredressed, rather than open the gates to domestic discord, distrust and animosity.

But I am not satisfied, from the evidence, that the defendant was guilty of adultery. Nor do I think the evidence was sufficient to satisfy the jury of that fact. It was barely sufficient to raise a suspicion, and not a violent one. I have discredited no one in coming to this conclusion, and have rejected no evidence in the case, except perhaps the evidence of Ehle in relation to the buttoning up of pants, very faintly sworn to by him, not seen by Roberts, and denied by Bentley. Upon this ground I think the order appealed from should be set aside and a new trial granted.

PARKER and MASON, JJ. concurred in above views.

BALCOM, J. (dissenting.) The defendant offered herself, at the trial, as a witness in her own behalf. She was objected to by the plaintiff, and excluded by the judge. An exception was taken to the ruling of the judge, excluding her as a witness.

The Court of Appeals decided, in *Hasbrouck* v. *Vandervoort*, (5 *Seld.* 153,) that a husband can not be a witness for or against the trustee of his wife's separate estate, in an action between the trustee and a third person, in relation to the trust estate. The principle on which that decision is founded excludes the wife from being a witness for or against her husband in an action to which he is a party, when she is not also a party. It also excludes the husband from being a witness for or against his wife, in an action to which she is a party, when he is not a party.

Husband and wife can not be witnesses for or against each other, in such cases, for the reason that the common law excludes them, from motives of policy, but not on the ground

that the one, who is not a party in such cases, is interested in obtaining a decision in favor of the other. (*See* 5 *Seld.* 153.)

Section 398 of the Code is, "No person offered as a witness shall be excluded by reason of his interest in the event of the action." This language is not broad enough to admit any person as a witness who was previously excluded on the ground of policy. Hence it does not authorize husband and wife to testify for or against each other. It is therefore necessary to look at other sections of the Code, to see whether husband and wife may not be witnesses for or against each other, when both are parties to the action, and offer to testify.

It is provided by section 390, that "a party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties." Section 399 declares that "a party to an action," &c. "may be examined as a witness on his own behalf, or in behalf of any other party, in the same manner, and subject to the same rules of examination, as any other witnesses."

These two sections are sufficiently comprehensive to authorize the examination, as a witness, of any party to an action, if competent to give evidence in a court of justice. There is no exception, in either section, declaring that husband and wife shall not testify for or against each other though parties to the action or proceeding, or that prevents the application of either section to a case in which both are parties.

In delivering the opinion of the court, in *Shoemaker* v. *McKee,* (19 *How. Pr. R.* 86,) I said : "It cannot be denied but that section 399 of the Code is sufficiently comprehensive to authorize the wife to be a witness in her own behalf, and the husband in his own behalf, whether they be co-plaintiffs or co-defendants ; or whether the action be brought by one against the other." In that case the husband and wife were both defendants, and the referee, before whom it was tried, allowed the wife to testify as a witness in her own behalf; and this court affirmed his decision. The principle of that case is sustained by the opinions in *Marsh* v. *Potter,*

(39 *Barb.* 506 ;) *Hooper* v. *Hooper,* (43 *id.* 292,) and *Chamberlain* v. *The People,* (23 *N. Y. Rep.* 85.)

Our attention has been called to the fact that section 399 of the Code was amended in 1860, by the insertion in it of an exception, "that neither husband nor wife shall be required to disclose any communication made by one to the other." (*Laws of* 1860, *p.* 787.) And we have been reminded that this exception was struck out of the section by the legislature, before this action was tried.

I understood the plaintiff's counsel to concede, that when that exception was in force, there was some reason for holding that husband and wife could be witnesses for and against each other in actions to which both were parties. But he denies that they can be witnesses, in such actions, since that exception was struck out of the section.

We should bear in mind that the Code nowhere declares what facts shall be evidence, in any case. And that parties to actions may testify to any facts that would be evidence in their favor if proved by other witnesses, except where parties are prohibited from testifying by exceptions in section 399, or by some rule of the common law not affected by that section, or by some other statute.

The law always has been that neither husband nor wife, after the dissolution of the marriage contract by a divorce or death, could testify to any communication made by one to the other. (*See Babcock* v. *Booth,* 2 *Hill,* 182.) And this court has recently held, at a general term in this district, in *Keator* v. *Dimmick,* (46 *Barb.* 158,) that a widow could not testify to declarations of her deceased husband that were made to her when no other person was present.

One reason for not allowing husband and wife to testify to any disclosure, made by one to the other during the continuance of the marriage relation, is, if they could testify to such disclosures it would prevent confessions to each other for reconciling disputes, and also tend to prevent that confidence

and freedom in conversations between them that ought always to exist.

According to these views the exception, "that neither husband nor wife shall be required to disclose any communication made by one to the other," which was incorporated into section 399 of the Code, in 1860, was unnecessary, and was only declaratory of a rule of the common law which was not abrogated by the Code, or by any other statute.

I think it is clear that the above mentioned exception did not enlarge the meaning of section 399. Its office was restrictive, and it prohibited what the legislature must have supposed the preceding portion of that section authorized without it.

It seems to me the presumption is that the legislature left that exception out of section 399, when they amended it in 1862, (*Laws of* 1862, *p.* 858,) for the reason that it was unnecessary, and was only declaratory of a rule of the common law which would remain in force without such an exception. It would be unjustifiable to presume that the legislature intended to restrict the meaning or application of section 399 by striking an exception out of it. It might as well be said, as to presume this, that if the legislature should strike any other exception out of that section they would intend, by so doing, to limit the meaning or application of the section, instead of intending to make it more comprehensive in its application. (*See* 43 *Barb.* 297, 298.)

I am unable to concur in the views, in conflict with the foregoing conclusions, expressed in the following cases: *Arborgast* v. *Arborgast*, (8 *How. Pr. R.* 297;) *Smith* v. *Smith*, (15 *id.* 165;) *A. A. C.* v. *T. C.*, (25 *id.* 432;) *Moffatt* v. *Moffatt*, (10 *Bosw.* 468;) *Pillow* v. *Bushnell*, (5 *Barb.* 156.)

I agree that a party to an action can not testify in his own behalf if he has been adjudged guilty of perjury or of any other felony. (2 *R. S.* 681, § 1. *Id.* 702, § 23.) Also that no physician, minister of the gospel or priest, can make any disclosure as a witness, when a party to an action, which he

Rivenburgh *v.* Rivenburgh.

could not make as a witness in an action between third persons. (*See* 2 *R. S.* 406, §§ 72, 73.) Also that a party to an action can not be compelled to answer questions, as a witness in the action, which will have a tendency to accuse himself of any crime or misdemeanor, or to expose him to any penalty or forfeiture. (2 *R. S.* 405, § 71.)

The statutes, on these subjects, are consistent with sections 395 and 399 of the Code, which declare that parties to actions are to be examined, as witnesses, "in the same manner, and subject to the same rules of examination, as any other witnesses."

I am of the opinion it is sound policy to permit husband and wife to be witnesses for and against each other when they are adverse parties to actions. When one sues the other for a divorce, or for any other cause, the peace of the family is as much disturbed or broken as it is by allowing each to testify on the trial to facts, within their knowledge, which they did not learn by any disclosure or admission made by one to the other. The peace of families will not be preserved by prohibiting husband and wife from being witnesses for or against each other when they go to law with one another.

This case shows the impolicy there would be in preventing husband and wife from testifying for themselves when both are parties to the action. The husband was able to prove circumstances, by third persons, which satisfied the jury that his wife had committed adultery with one Bentley, and the wife was refused the privilege of going upon the witness' stand and testifying she had not done that act. This refusal has not preserved the peace of the family of the parties to this action; and I do not believe like refusals would ever preserve the peace of other families.

It is possible that the wife in this case might have satisfied the jury, and also her husband, if she had been permitted to testify, that she had not had sexual intercourse with Bentley. If she had done that her evidence would have restored

peace in the family, and we should not now be troubled with the case.

It can not be disputed that the *language* of sections 390 and 399 of the Code authorizes husband and wife, when both are parties to an action, to be witnesses for and against each other. And I am of the opinion the *spirit and meaning* of those sections call for their admission as witnesses in actions to which both are parties.

It seems to me that before husband and wife can be properly rejected as witnesses for themselves, when both are parties to an action under the Code, section 390 must be amended, so that it will read, "A party to an action, *unless both husband and wife are parties*, may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties." And that section 399 must also be amended so that it will read, "A party to an action or special proceeding, including proceedings in surrogates' courts and proceedings for the summary recovery of the possession of land, *if husband and wife are not both parties to the action or proceeding*, may be examined as a witness on his own behalf, or in behalf of any other party," &c. But as those sections were, when this action was tried, and still are, I am constrained to hold, notwithstanding there are able opinions of learned judges to the contrary, that husband and wife may be witnesses for and against each other in actions brought by one against the other.

The decision of the Court of Appeals, that section 399 of the Code, as it existed in 1865, was not applicable to criminal cases, (*Williams* v. *The People,* 33 *N. Y. Rep.* 688,) is neither directly nor indirectly in conflict with the foregoing views. The language of this section, as it existed in 1865, was not applicable to criminal cases, for reasons assigned by Judge Hunt, in the Court of Appeals, in *Williams* v. *The People,* (*supra,*) and for the further reason, that the constitution of this state and the constitution of the United States declare, that no person "shall be compelled,

Rivenburgh v. Rivenburgh.

*in any criminal case,* to be a witness against himself. (*Laws of* 1847, *vol.* 2, *p.* 386. 1 *R. S.* 2*d ed. p.* 18, *art.* 5.) But there is no constitutional provision against husband and wife being witnesses for or against each other; and I do not doubt that section 399 of the Code has at all times been applicable to the preceding sections respecting actions between husband and wife, and actions brought by or against them jointly. (*See* § 114.)

Why should married persons be refused the privilege of maintaining their rights, as witnesses, in actions to which they are parties, when that privilege is granted to all unmarried persons in actions to which they are parties? I confess I am unable to assign any satisfactory reason for such a distinction; and I have never heard any reason or seen any opinion that convinces me married persons ought not to have the same right to testify for themselves, when parties to actions, that is conferred upon single persons when involved in litigation.

I have often held, at circuits and special terms of this court, that husband and wife may testify for themselves when both were plaintiffs or defendants in actions; and also when the actions were brought by one against the other, including actions for divorce; and no appeal has been taken from such a ruling of mine by any lawyer, in any case. I mention this fact to show that many lawyers have construed sections 390 and 399 of the Code as I have construed them.

My conclusion is, that the defendant was improperly excluded as a witness, in her own behalf, in the case. And that the order of the special term, denying her motion for a new trial, should be reversed and a new trial granted in the action; costs to abide the event.

New trial granted, on the ground last stated by BOARD-MAN, J.

[BROOME GENERAL TERM, November 19, 1866. *Parker, Mason, Balcom* and *Boardman,* Justices.]