By the Court.—Freedman, J.
The evidence fully sustains the finding that between the 1st day of May, 1872, and the 12th "day of April, 1873, the defendant did commit adultery with one Henry Milier. Direct testimony of the commission of the offense is not necessary, but circumstatial evidence which by fair inference irresistibly points to that conclusion is sufficient. Tested by this rule the facts testified to by the witnesses Maria Palmer, Celia Denning, Walker, and Henry Lewis, all of whom were properly admitted, would be sufficient even without the testimony of the paramour. The learned chief justice who tried the case below, had these witnesses before him, and not only heard their testimony, but also observed the manner in which they gave it. He was therefore even in a better position to judge of their credibility than the court at general term can be. Their testimony was not shaken or impeached, and aside from such contradictions upon collateral points as usually appear between the testimony of witnesses testifying to successive occurrences. *7 it bears no intrinsic marks for which it could be discredited. As a whole it is wholly incompatible with defendant's innocence, and no inference other than that of criminality is possible from it.
The testimony of the defendant was properly excluded. Before the act of 1867 (ch. 887 of Laws of 1867), she would not, under the Code, have been a competent witness in her own behalf in an action for divorce (Rivenburgh v. Rivenburgh, 47 Barb. 419), and that act, though making the husband or wife of any party to an action as competent a witness on behalf of such party as any other witness, expressly provides that nothing therein contained shall render any husband or wife competent or compellable to give evidence for or against the other in any action or proceeding instituted in consequence of adultery, or in any action or proceeding for divorce on account of adultery, except to prove the fact of marriage.
The first objection to the testimony of the expert on the question of handwriting is wholly untenable, and the second too general in its character. The authorship of the letter alleged to have been written by the paramour to the defendant, and claimed to have been found by the plaintiff in defendant’s possession, was materia], and a comparison of the handwriting of that letter with the few lines written by the paramour on the witness-stand at the request of the counsel for the defendant was to a certain extent permissible. The expert could properly testify to the condition and appearance of the words and of the letters and characters contained in these writings, and to point out and explain similarities and differences. If by subsequent questions and answers this limit allowed by law was transcended, a farther and specific objection should have been interposed. A genera] objection taken at the beginning “to this class of evidence,” or “on the ground of immateriality,” is not enough.
*8 The judgment should be affirmed.
Sedgwick, J., concurred.