### STUBING *v.* STUBING *et ux.*

(*City Court of Brooklyn, General Term.* June 24, 1889.)

EQUITY—CANCELLATION OF DEED.

> Plaintiff, 70 years old, and infirm, and anxious to make a disposition of his property, stated to a scrivener that he wished to leave his house and lot worth $2,500 to his son, subject to a right of plaintiff's wife to live therein, and to a payment of $1,000 to his other children. At the scrivener's advice he made a will, leaving legacies to his other children, and a deed to his son of the property, and a mortgage thereon from the son to him. He retained possession of the will and deed, which it was understood was not to be delivered until his death. The son abstracted the deed and mortgage, and placed them on record. Plaintiff since the making of the deed lived on the premises, collected the rents, etc. The son paid rent to plaintiff, and made no claim under the deed until his father raised his rent. *Held,* that there was no delivery of the deed, and plaintiff retained absolute control of it, and it should be declared null and void, and canceled of record.

Appeal from special term.

Conrad Stubing sued John Stubing and Annie Stubing, to have a certain deed declared void and canceled of record. Judgment for plaintiff, and defendants appeal.

Argued before VAN WYCK and OSBORNE, JJ.

*Moffett & Cramer,* for appellants.     *Fernando Solinger,* for respondent.

VAN WYCK, J. The conclusion of law that the deed of premises was null and void, and should be canceled of record, was fully justified by the findings of fact herein, so the question presented to our consideration is, does the evidence sustain these findings? This was virtually the attitude assumed in the argument of appellant's counsel. After carefully reading the testimony, our answer must be in the affirmative. The decision righted a most glaring wrong. The testimony convincingly shows that plaintiff, an old man of over 70 years, had owned, possessed, and occupied the premises, worth about $2,500, for 25 years last past; that on March 26, 1885, he then being sick, not expecting to recover, and fully recognizing the uncertainty of life, naturally turned his thoughts to the necessity of making a will. He had doubtless determined, in his own mind, how his property (this house and lot) should be disposed of at his death, and desired to legally make a testamentary disposition thereof in accordance with his wishes. At this juncture, unfortunately for all parties, one Kleinlein, a commissioner of deeds, unlearned in the law, was brought to the sick-room to prepare the document necessary to accomplish the purpose. What occurred then and there between these two parties can be fairly gathered from the testimony of those present. Plaintiff informed Kleinlein that

he desired to dispose of his property at his death in the following manner, to-wit: That his son John should become the owner of this house and lot, worth about $2,500, subject to the right of plaintiff's wife (now dead) to reside thereupon as long as she lived, and subject also to the payment of $1,000 to his other children. Kleinlein, possibly for the want of experience and knowledge in drawing such a will, quite simple to the lawyer, but difficult to the layman, instead of preparing a will leaving the lot and house to John, subject to the wife's right to live in the house during her life, and charging it with payment of legacies to his other children, sought to accomplish the same purpose indirectly. He prepared a will leaving legacies to the other children, and a deed to John of the lot and house, and a mortgage thereon from John to plaintiff for $1,000, the amount of the legacies. The deed, mortgage, and will were signed by the parties. Plaintiff retained possession of both the will and deed, and it was understood that the deed was not to be delivered except in the event of the death of plaintiff. There was no consideration paid by John for the deed, though one is recited therein. The deed was never delivered, but some time afterwards John, being unable to resist the temptation, and the plaintiff having improved in health, abstracted this deed from plaintiff's possession, and placed it on record, and also the mortgage. Ever since the deed, bond, and mortgage have been in John's possession. As soon as plaintiff learned of this invasion of his rights, he commenced this action to right his wrongs.

Since the signing of this deed plaintiff has lived in these premises, collected the rents of the rented rooms, paid the taxes, insurance, and cost of repairs. During all that period defendant paid no interest on the bond and mortgage, and lived in certain rooms of this tenement house, and always has, down to the commencement of this action, paid to plaintiff a stipulated sum, as rent for such rooms, monthly in advance. He never asserted any rights under this deed so abstracted and put on record till the father raised his rent. There is some conflict in the testimony as to the delivery of the deed, but the trial judge credited that which showed there was no delivery, and his views in that respect we gladly approve of. To us it seems plain that the plaintiff never delivered this deed, and only intended to make a testamentary disposition of his property, and never lost the physical possession thereof till stolen by John, or his right to the absolute control thereof in his discretion, including the right to change his mind about its delivery at his death, and it was never intended that the mortgage and bond should be considered delivered till the deed should be delivered. John Stubing acquired no interest in these premises under this deed, because (1) his father never delivered the deed; (2) John wrongfully abstracted the same from his father's rightful possession; (3) the circumstances attending its execution, and the want of consideration and subsequent conduct of the parties treating the property as if the conveyance was inoperative, shows that the father never intended to make a gift of the property, but only a testamentary disposition thereof; and (4) the father never lost his right to the absolute control of this deed, including that of changing his mind on the subject of delivery of same to his son at his death. 3 Washb. Real Prop. (4th Ed.) 283, 284, 287, 293, 295, 303, 304; *Van Valen* v. *Schemerhorn*, 22 How. Pr. 416; *Armstrong* v. *Armstrong*, 19 N. J. Eq. 357; *Prutsman* v. *Baker*, 30 Wis. 644; *Jackson* v. *Railroad Co.*, 88 N. Y. 526; *Nichols* v. *McCarthy*, 53 Conn. 299; *Weller* v. *Weller*, 44 Hun, 172, affirmed, 19 N. E. Rep. 433; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114; *Stilwell* v. *Hubbard*, 20 Wend. 44. The judgment must be affirmed, with costs.

OSBORNE, J., concurs.