## ERNST *vs.* REED.

The lien which a contractor for the erection of a building acquires by filing a notice with the county clerk, under the mechanics' lien law, (*Laws of* 1851, *ch.* 513,) attaches only to the legal right, title and interest of the owner, then existing. If, previous to the filing of such notice, the owner has parted with his interest in the property, no lien is acquired.

Where the grantor in a deed hands the same to another with instructions to deliver it, as his agent, presently to the grantee, the delivery not depending upon any condition, as between the parties to the deed, the title passes at the time of the delivery to the agent.

ACTION of ejectment to recover possession of a house and lot on southerly side of 48th street, in the city of New York.

The plaintiff claimed title by virtue of the following facts :

On the 25th of May, 1860, Thomas S. Brooks being the owner of lots on 48th street and 2d avenue (of which the lot in question was one,) made a contract with Charles Huber, by which Huber was to furnish the brown and blue stone for twenty houses, to be erected on the lots, as specified in a written contract, for the price of $16,400. On the 17th day of May, 1861, Huber filed a lien with the county clerk, upon the twenty houses and lots, in pursuance of an act of the legislature, passed July 11, 1851, claiming a balance due on his contract of $1,396.

On the 2d day of September, 1861, Huber commenced proceedings against said Brooks, in the Court of Common Pleas, in pursuance of the statute, for the foreclosuse of said lien ; and on the 22d day of April, 1861, a judgment was duly entered in the said court, adjudging the defendant Brooks indebted to the plaintiff Huber, in such action, in the sum of $1,597.63, on said contract, (including costs,) and that said Huber had a valid lien, for such amount, on said twenty houses and lots ; and further decreeing a sale by the sheriff " of the interest which the said Thomas S. Brooks had, on the 17th day of May, 1861, in the premises." The said interest was sold, in pursuance of the decree, by the

sheriff; and on the 24th day of June, 1863, the sheriff executed to Charles Huber, the purchaser, a deed of the same, reciting judgment, sale, &c. August 3d, 1863, Charles Huber and wife conveyed the same by deed to Nicholas Ernst, the plaintiff in this action.

The defendant claimed title to the premises by virtue of the following deeds :

1st. Deed of Thomas S. Brooks and wife to Christian Hetzel, dated May 1st, 1861; acknowledged May 9th, 1861; recorded May 30th, 1861. 2d. Deed from Christian Hetzel and wife to Edgar Reed, the defendant, dated September 14, 1861; acknowledged September 19, 1861; recorded October 17, 1861.

The plaintiff claimed and proved on the trial : 1st. That the deed from Brooks and wife to Hetzel was not delivered to, nor accepted by Hetzel until after May 17, 1861, subsequent to the filing of the lien by Huber. 2d. That at the time Hetzel received the deed he had actual knowledge of the filing of the lien of Huber.

The court directed a verdict for the plaintiff, holding that as the deed from Brooks and wife to Hetzel was not delivered to, nor accepted by, Hetzel until subsequent to the filing of the lien by Huber, it was inoperative as against such deed.

Judgment was entered upon the verdict, and the defendant appealed.

*E. E. Anderson*, for the appellant. I. The lien in this action was filed in May, 1861, and was, therefore, filed in pursuance of the act of 1851, and the acts amending the same. The language of the act is as follows : Any person filing a notice as required by the act shall " have a lien for the value of such labor and materials upon such house or building and appurtenances, and upon the lot of land upon which the same stands, to the extent of the right, title and interest at that time existing of such owner." (*Laws of* 1851, ch. 513, § 1. 3 *R. S.* 5th ed. 812, § 82. *Id.* 814, § 95.)

Ernst *v.* Reed.

II. The lien filed by Charles Huber, on the 17th of May, 1861, was only effectual to the extent of the right, title and interest then existing in Thomas S. Brooks, and the interest acquired by the plaintiff in this action can be no other or greater interest than such as existed in Thomas S. Brooks at the time of filing the lien. (*Doughty* v. *Devlin,* 1 *E. D. Smith,* 629. *Sullivan* v. *Decker, Id.* 699. *Quimby* v. *Sloan,* 2 *id.* 594.)

III. The contract made between Thomas S. Brooks and Christian Hetzel, effected an equitable transfer of the property in the premises to Hetzel. In equity, the title to the premises vested in the purchaser ; the vendor's interest became personalty, he retaining only a lien on the property to the extent of the unpaid purchase money. (2 *Story's Eq.* § 1212. *In the matter of Howe,* 1 *Paige,* 125.) The purchaser's title has always been protected against judgments recovered against the vendor, and against every species of incumbrance affecting the legal title, (except the single case of a purchaser for value without notice,) and this even as to payments made by the purchaser to the vendor after the recovery of the judgment. (*Moyer* v. *Hinman,* 3 *Kern.* 180. *Parks* v. *Jackson,* 11 *Wend.* 442. *Ells* v. *Tousley,* 1 *Paige,* 280. *Towsly* v. *McDonald,* 32 *Barb.* 604. *Whitworth* v. *Gaugain,* 3 *Hare,* 416, 425. *Leake* v. *Leake,* 5 *Irish Eq.* 361, 366. *Prior* v. *Penpeaze,* 4 *Price,* 99. 2 *Story's Eq.* § 1503, *b.*)

IV. After the purchaser has paid the entire purchase money there is nothing remaining in the vendor but the dry legal estate. He becomes a trustee for the vendee, is bound to convey the legal title to him, and his assignee, whether voluntary or by operation of law, takes the property affected with the trust, and can be in like manner compelled to convey the legal estate to the vendee. (*Ells* v. *Tousley,* 1 *Paige,* 280. *Governeur* v. *Lynch,* 2 *id.* 300. *Kiersted* v. *Avery,* 4 *id.* 15. 3 *R. S.* 5th ed. p. 15, § 47.)

V. There can be no question in this case of protection to

the plaintiff as a *bona fide* purchaser, without notice, who has intercepted the legal estate, for the reason that our possession was notice to him ; and, furthermore, he only assumed to buy a right, title and interest. (*Moyer* v. *Hinman*, 3 *Kern.* 189. *Tuttle* v. *Jackson*, 6 *Wend.* 213, 225. 2 *Story's Eq.* § 1503, *b.*)

VI. Even on the assumption that the legal estate was in Thomas S. Brooks, at the time the lien was filed, the verdict in this case could, therefore, not be sustained. (*a.*) The plaintiff has disclosed nothing but a barren legal estate, which he is bound to transfer to the defendant. (*b.*) The defendant has shown the entire beneficial interest to have been in him, or his grantor, before the lien was filed. (*c.*) The claim, as made by the plaintiff, is grossly inequitable. The holder of the lien knew all the facts connected with Hetzel's contract with Brooks. He knew that Hetzel had furnished work and materials to these houses on the faith of this contract, (among others to the two houses which were conveyed to the lienor,) and yet he seeks by an unwarrantable use of the statutory lien to appropriate to himself the lot which he knew Hetzel had paid for.

VII. But the legal estate was not in Thomas S. Brooks, on the 17th of May, 1861. (*Hathaway* v. *Payne*, 34 *N. Y. Rep.* 92.) The delivery to Barton, on the 9th of May, with the instructions to deliver the same to Hetzel, was a good delivery to Hetzel, and passed the legal title. This is settled by decisions innumerable, and has never been questioned. (*Brown* v. *Austen*, 35 *Barb.* 341. *Rathbun* v. *Rathbun*, 6 *Barb.* 98. *Doe* v. *Knight*, 5 *B. & C.* 671, 692. *Quimby* v. *Sloan*, 2 *E. D. Smith*, 594. *Scrugham* v. *Wood*, 15 *Wend.* 545. *Souverbye* v. *Arden*, 1 *John. Ch.* 253.)

The idea that Brooks could recall this deed, is clearly untenable. On the contrary, it was his legal duty to deliver it. The delivery once made immediately transferred the title to the grantee, and a redelivery of the deed by Barton to Brooks would have passed no title. The question of intention

was, therefore, material, and was one for the jury to pass on. (*Jackson* v. *Page*, 4 *Wend.* 586. *Parker* v. *Dustin*, 2 *Foster*, 424. *Doe* v. *Knight*, 5 *B. & C.* 671.)

VIII. How then stands this case? The lien filed on the 17th of May, 1861, took effect on the interest of a vendor who had received the whole consideration money, and who had eight days previously delivered the deed of the premises to a third party with instructions to deliver the same to the grantee. What shadow of an interest was left in Thomas S. Brooks to which the lien could attach?

IX. As the plaintiff's title is no better or greater than Thomas S. Brooks', the sustaining of this verdict involves the monstrous proposition that a vendor of real estate, who has received the entire consideration money, who has parted with the deed for the purpose of delivery, may bring an ejectment suit against his vendee; and if he show that the deed did not reach the vendee until after the commencement of the ejectment, he will be entitled to a judgment for the possession of the property.

X. The defense is perfectly available, under the Code, in an ejectment suit. It was so recognized before the Code. (*Parks* v. *Jackson*, 11 *Wend.* 442.) Since the Code, there can be no doubt that such a defense is good against a complaint in ejectment, and that an equity suit to restrain the prosecution of the plaintiff's claim would be improper if brought after the commencement of the ejectment suit. (*Thurman* v. *Anderson*, 30 *Barb.* 621. *Dobson* v. *Pearce*, 2 *Kern.* 166. *Code, p.* 283, 1864. *Auburn City Bank* v. *Leonard*, 20 *How. Pr.* 195.)

*W. L. Townsend*, for the respondent. I. The filing of the mechanics' lien by Huber, and the subsequent foreclosure and sale by the sheriff, and his deed of conveyance under the judgment of the court of common pleas, vested in Huber, the purchaser, at such sale, " all the right, title and interest"

which Brooks (the defendant in the foreclosure suit) had, on the 17th day of May, 1861, in and to the premises in question. The subsequent deed of Huber and wife to the plaintiff, of August 3, 1863, vested the title in the plaintiff.

II. The deed of Brooks and wife to Hetzel was inoperative as against the lien of Huber, because : 1st. The uncontradicted proof in the case showed that such deed' was not delivered to, nor accepted by, Hetzel until subsequent to the filing of the lien. 2d. Hetzel, when he received the deed, had not only constructive but actual notice of the fact that the lien had been filed. It is well settled that a deed takes effect only from the time of its delivery. Acceptance by the grantee is equally necessary to pass the title. (*Jackson* v. *Dunlap,* 1 *John. Cas.* 114. *Crosby* v. *Hillyer,* 24 *Wend.* 280 *Jackson* v. *Phipps,* 12 *John.* 418.)

III. The fact that Hetzel, by his contract with Brooks, was to receive a deed of the premises in question in part payment for the labor and materials furnished by Hetzel on the twenty houses, does not help his title, as against Huber's lien. 1st. Hetzel was not entitled to the deed until the houses were completed, and they were not finished when his deed was executed. 2d Huber's equitable lien for the materials furnished and work done by him was equal to, if not superior to that of Hetzel. Huber's contract amounted to $16.400, and his work was done prior to that of Hetzel, and enured to his benefit, and as against Huber, Hetzel could have no equity until Huber was paid. 3d. Hetzel, under his contract, had at most but an equitable lien for the balance due him. Huber had a like equitable lien, and, by his diligence, secured a legal lien. 4th. But whatever may have been the equitable lien of Hetzel under his contract, it cannot be set up in this action (an action of ejectment) to defeat a valid legal title. His remedy, if he had any, was by a separate action, to set aside the lien or to have the equity of the parties adjusted.

Ernst *v.* Reed.

*By the Court,* JAMES C. SMITH, J.   The lien acquired by Huber, on the 17th May, 1861, upon the premises in dispute, attached only to the legal right, title and interest then existing in Brooks.  (*Laws of* 1851, *ch.* 513, § 1.)

Before the lien was filed, Brooks had parted with his entire title to the premises.   It appears that Brooks had employed Hetzel to perform work and furnish materials in the construction of buildings on certain premises, of which the lot in dispute was a part, and in payment for such work and materials he had contracted to convey to Hetzel the house and lot in suit.   Hetzel performed the contract on his part, and Brooks, in pursuance of its requirements, executed a deed of the premises in dispute, to Hetzel, dated the 1st May, 1861, and on the 9th May delivered it to William D. Barton, with instructions to deliver it to Hetzel. Barton handed it to James Saxton to deliver to Hetzel, and Saxton retained it in his hands till the 18th May, 1861, when he delivered it Hetzel.   It is apparent from the uncontradicted testimony of Barton, that the delivery of the deed to Hetzel did not depend upon any condition, but the depositary was made the agent of the grantor to deliver the deed presently, to the grantee.   Barton testified that he would have delivered the deed to Hetzel the same day he received it, if he had seen him.   As between the parties to the deed, the title passed at the time of the delivery to Barton, (34 *N. Y. Rep.* 92,) and consequently Brooks had no interest in the premises when Huber filed his lien.

It follows that the judgment should be reversed and a new trial be ordered.

[NEW YORK GENERAL TERM, April 3, 1867,  *Leonard, Ingraham* and *J. C. Smith,* Justices.)