ROBERT T. JONES v. JACOB L. SWAYZE.

1. A delivery of a deed to a third person for the use of the party in whose favor a deed is made, where the grantor parts with all control over the deed, makes the deed effective from the instant of such delivery; the law will presume, if nothing appear to the contrary, that a man accepts what is for his benefit.

2. The question of delivery must be left as a question of fact to the jury upon the whole evidence in the cause. The court may instruct the jury to find a delivery, when the whole testimony shows a state of facts from which delivery is a positive inference of law. But where there is conflicting testimony, the case should be left to the jury, with proper instructions.

On case certified from Sussex county Circuit Court.

Argued at February Term, 1880, before the CHIEF JUSTICE, and Justices DIXON and VAN SYCKEL.

For the plaintiff, *Thomas Kays.*

For the defendant, *L. Van Blarcom.*

The opinion of the court was delivered by

VAN SYCKEL, J. In March, 1877, the plaintiff endorsed a promissory note for one Vancleve M. Swayze. On the trial of this cause, Jones testified that when he endorsed this note he asked Vancleve whether he could secure him, and he replied he could; that he had his crops, and that there was no danger but that he would protect him, and Jones replied it was all right then, and it was left in that way.

Vancleve testified that at the time he requested Jones to endorse the note, Jones asked him if there would be any trouble about meeting the note or paying it, and he replied that if there was any trouble he could secure him with his crops; that he should not lose anything; that he would secure him.

Jones v. Swayze.

On the 21st day of May, 1877, Vancleve executed a chattel mortgage on his crops to Jones. It was drawn by Dawson Woodruff, and executed by Vancleve and left with Woodruff. It was filed in the clerk's office by Woodruff on May 23d, 1877, but it does not appear that there was any express instruction to Woodruff to deliver it to Jones or to file it, and Jones did not know that it had been executed or filed until the following August.

On the 9th of July, 1877, Vancleve executed a chattel mortgage on the same property to the defendant, Jacob L. Swayze, who subsequently sold the mortgaged chattels and appropriated the proceeds to his own use.

On the trial below the court instructed the jury that they should find a verdict for the plaintiff for the amount of the debt intended to be secured by his chattel mortgage.

Thereupon the case was certified for the advisory opinion of this court, the principal question being which of said mortgages was entitled to priority.

The leading case is *Garnons* v. *Knight*, 5 *Barn. & Cress.* 671, in which after a full discussion of the authorities, the court held that delivery to a third person for the use of the party in whose favor the deed is executed, where the grantor parts with all control over the deed, makes the deed effectual from the instant of such delivery, although the person to whom the deed is so delivered be not the agent of the party for whose benefit the deed is made.

In *Zenos* v. *Wickham*, 106 *E. C. L. Rep.* 381, reviewed in the Exchequer Chamber (108 *E. C. L. Rep.* 435,) and ultimately decided in the House of Lords (108 *E. C. L. Rep.* 861,) it appears that the circumstances which go to make out a delivery are to be treated as indications of intention, and that the fact of delivery resolves itself into a question of intention. Mr. Justice Blackburn said that "as soon as there are acts or words sufficient to show that it is intended by the party to be executed as his deed presently binding on him, it is sufficient. The most apt and expressive mode of indicating such an intention is to hand it over, saying, 'I deliver this as my deed,'

but any other words or acts that sufficiently show that it was intended to be finally executed will do as well. And it is clear on the authorities as well as the reason of the thing, that the deed is binding on the obligor before it comes into the custody of the obligee, nay, before he even knows of it; though of course if he has not previously assented to the making of the deed, the obligee may refuse it."

In Garnous v. Knight, Justice Bayley said:

" There could be no question but that delivery to a third person for the use of the party in whose favor the deed is made, where the grantor parts with all control over the deed, makes the deed effectual from the instant of such delivery; the law will presume, if nothing appears to the contrary, that a man accepts what is for his benefit."

That such is the presumption in the English law, until it is rebutted by proof of refusal to accept, will be found by an examination of the authorities referred to in the cases cited.

In this country there is some diversity of view upon the question whether delivery takes effect until an actual acceptance by the grantee.

In *Church* v. *Gilman*, 15 *Wend.* 656, Chief Justice Savage, after reviewing the earlier New York cases, said that if the delivery to the third person be absolute, the grantor not reserving any future control over the deed, the estate passes; the assent of the grantee to accept the conveyance being presumed from the fact that it is beneficial to him.

The same rule is recognized in *Ernst* v. *Reed*, 49 *Barb.* 367, and in *Brown* v. *Austen*, 35 *Barb.* 342, where the English cases are cited with approbation.

In 2 *Washb. on Real Prop.* 581, the author says that " the better opinion seems to be that no deed can take effect as having been *bona fide* delivered until such act of delivery has been assented to by the grantee."

An examination of the cases cited will show that most of them do not support the text.

In *Maynard* v. *Maynard*, 10 *Mass.* 458, the facts testified to show that the grantor intended to keep control over the

deed until he was more determined on the subject, and that case was put upon the ground that he retained authority over it.

In *Jackson* v. *Dunlap*, 1 *Johns. Cas.* 114, the grantor executed the deed, and was to retain it until the consideration money was paid.

In *Stephens* v. *Buffalo and New York R. R.*, 20 *Barb.* 332, it was rightly held that there was no delivery without an acceptance by the grantee, for in that case it appeared that the instrument was placed in the hands of a third person to be offered to the grantee, and he did not accept it.

Justice Field, in *Younge* v. *Guilbeau*, 3 *Wall.* 636, said, "that to constitute delivery of a deed the grantor must, as a general thing, part with the possession of it, or at least with the right to retain possession. Upon a question of delivery, its registry, if by him, is entitled to great consideration, and might, perhaps, in the absence of opposing evidence, justify a presumption of delivery."

The law is clearly stated by Chief Justice Gibson in 8 *Watts* 11, where he says that "the rule to be extracted from the authorities is, that a delivery to a third person for the present use of the grantee makes the instrument a present deed; but that a delivery to his use when he shall perform a condition makes not a present deed, and the grant may be frustrated by his refusal to perform it; and that a bare delivery to a stranger, without words of direction to deliver over to the grantee either absolutely or conditionally, is merely void."

The delivery of a deed is a question of fact; the intent of the grantor to make the conveyance effective must appear.

"The court may instruct the jury to find for the plaintiff if the testimony is believed, when the whole testimony directly shows the main fact or shows such facts that therefrom the main fact is a positive or absolute inference of law. But when there is any conflicting testimony, or when only such facts are shown that therefrom the jury may infer the main fact, then

the case should be left to the jury with proper instructions." *Lindsay* v. *Lindsay*, 11 *Vt.* 621.

To the same effect is *Murray* v. *Starr*, 2 *Barn. & Cress.* 82, that the question of delivery must be left as a question of fact to the jury upon the whole evidence in the cause.

See also *Hannah* v. *Swarner*, 8 *Watts* 9.

The facts as to which there was no conflict of testimony in this case, did not justify the peremptory instruction of the court below to the jury that they should find a verdict for the plaintiff, but upon the whole case it is clear that the plaintiff's mortgage was filed with the knowledge and consent of the mortgagor for the benefit of the plaintiff, in pursuance of the promise previously made by the mortgagor to secure the plaintiff. The verdict, therefore, was right, and the Circuit Court should be advised not to grant a new trial.