Kennedy, J.
The contract of guaranty entered into by Williams & Mills ran direct to Albright & Pratt. It was executed by them at the request of the latter on the 20th day of January, 1886 and on the same day handed to Church to deliver to them. Church enclosed it in an envelope, marked the name of Albright & Pratt upon it and laid it his safe, and then notified the persons at their office that he held the paper for them.
The evidence shows that when the paper was handed to Church by Williams & Mills with instructions that he deliver it to Albright & Pratt, it was then put beyond the power of the makers to recall it. This being; so it may be stated as a general proposition that the delivery became complete (Brown v. Austen, 35 Barb., 341; 2 Greenleaf Ev., § 297) and its acceptance by Albright & Pratt will be presumed from the fact of such delivery and from the beneficial nature of the agreement to them. Spencer v. Carr, 45 N. Y., 406-410; Jackson v. Bodle, 20 John., 184.
Again this agreement was delivered to Church to be by him delivered to Albright & Pratt and for their use. This was a good delivery to them their assent thereto appearing. If this proof of actual assent on their part was wanting, the paper having been drawn and executed at their request, its acceptance by them will be presumed. Church v. Gilman, 15 Wend., 656-662; Ernst v. Reed, 49 Barb., 367-373.
In my judgment the agreement of Williams & Mills and guaranty of sales of coal made by Albright & Pratt to Church became binding and operative on them from the time the same was executed to Church to be delivered to Albright & Pratt on January 20, 1886, and by reason thereof they became liable to pay the demand preferred, the same having been contracted by Church for coal sold him by them during the latter part of the year 1886.
It follows that a judgment should be directed dismissing the complaint on the merits, with costs.